STATE of Missouri EX REL. TIVOL
PLAZA, INC., Appellant,

v.

MISSOURI COMMISSION ON
HUMAN RIGHTS, et al.,
Respondents.

and

State of Missouri ex rel. Caesars
Entertainment Operating Co.,
Inc., et al., Appellants,

v.

Missouri Commission on Human
Rights, et al., Respondents.

No. SC 95758, No. SC 95759

Supreme Court of Missouri,
en banc.

Opinion issued August 22, 2017

In SC95758, Tivol was represented by Michael L. Blumenthal, Paul D. Seyferth, Nickalaus Seacord and Camille L. Roe of Seyferth Blumenthal & Harris PC in Kansas City, (816) 756-0700.

The commission was represented by D. Ryan Taylor and Vanessa Howard Ellis of the attorney general's office in Kansas City, (573) 751-3321.

The former employee was represented by Phillip M. Murphy II of The Law Office of Phillip M. Murphy II in Kansas City, (913) 661-2900.

The Kansas City Chapter of the National Employment Lawyers Association, which filed a brief as a friend of the Court, was represented by Paul A. Bullman, an attorney in Kansas City, (816) 286-2860, and John J. Ziegelmeyer III, also an attorney in Kansas City, (816) 474-4600.

In SC95759, Caesars was represented by Sarah J. Preuss of Littler Mendelson PC in Kansas City, (816) 627-4400.

The commission was represented by by D. Ryan Taylor and Vanessa Howard Ellis of the attorney general's office in Kansas City, (573) 751-3321.

Laura Denvir Stith, Judge

Tivol Plaza, Inc. appeals the dismissal of its writ of mandamus petition against the Missouri Commission on Human Rights (MCHR). The circuit court rejected Tivol's argument that the MCHR was required to first determine whether Tivol's employee's complaint of discrimination was filed timely with the MCHR before the MCHR had authority to issue the employee a right-to-sue letter.

In a separate appeal of an entirely separate case, Caesars Entertainment Operating Co., Inc., also appeals the dismissal of a writ of mandamus petition it similarly filed against the MCHR. The circuit court similarly rejected Caesars' identical argument that the MCHR was required first to determine whether Caesars' employee's complaint of discrimination was filed timely with the MCHR before the MCHR had authority to issue the employee a right-to-sue letter. While the two cases are not related, because each turns on identical legal issues, the two cases are addressed together in this opinion.

This Court affirms the circuit court's dismissal of the employers' petitions for writs of mandamus. To the extent cases decided by the court of appeals have interpreted *Farrow v. St. Francis Medical Center, 407 S.W.3d 579 (Mo. banc 2013)*, as permitting an employer to seek a writ of mandamus to force the MCHR to determine the timeliness of an employee complaint even after 180 days have passed and the employee has requested and been issued a right-to-sue letter, they are incor-

rect. *Farrow* involved a case in which 180 days had not yet passed before the right-to-sue letter issued. *Farrow*'s suggestion in dicta that a mandamus action might be appropriate in such a case has no application here.

Section 213.111.1, RSMo Supp. 2013,[1] of the Missouri Human Rights Act (MHRA), requires the MCHR to issue a right-to-sue letter and terminate all proceedings related to a complaint if 180 days have elapsed and the employee has made a written request for a right-to-sue letter. That is what occurred in each of these cases. Accordingly, the MCHR lost authority to continue processing the charges and was required to issue the right-to-sue letters. The circuit court had no authority to direct the MCHR to perform an act the MHRA prohibits, and it properly refused to issue writs directing the MCHR to do so.

## I. BACKGROUND

### A. Tivol

On December 18, 2013, Karen Norton filed complaints with the MCHR and with the Equal Employment Opportunity Commission (EEOC) against her former employer, Tivol. In her complaint to the MCHR, Ms. Norton alleged retaliation, sex discrimination, age discrimination, and a hostile work environment. Ms. Norton claimed Tivol subjected her to a hostile work environment as well as sex and age-based harassment and discrimination during her employment beginning April 1, 2012. She further claimed Tivol discriminated and retaliated against her by firing her November 18, 2013.

Tivol sent a letter to the MCHR alleging:

any allegations occurring before June 21, 2013 (*i.e.*, the 180th day occurring before December 18, 2013) are untimely

and must be dismissed by the Commission. The Commission has no authority to take any action—including no authority to issue a right to sue—on any untimely aspects of the Charge. Instead, the Commission must dismiss the untimely aspects of the Charge.

It cited section 213.075.1. On June 30, 2014, more than 180 days later, at Ms. Norton's request, the MCHR issued Ms. Norton a right-to-sue letter, stating in part:

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue. You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter.... You are also notified that the Executive Director is administratively closing this case and terminating all MCHR proceedings relating to your complaint.... This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

(Emphasis in original).

Tivol filed a petition for writ of mandamus asking the circuit court to vacate the right-to-sue letter and determine whether the MCHR had jurisdiction over Ms. Norton's claims. Tivol claimed the MCHR had a statutory duty to determine the timeliness of Ms. Norton's complaint and the MCHR lacked the authority to issue a right-to-sue letter if her claims were not timely filed. The circuit court issued sum-

1.  All statutory citations are to RSMo Supp.    2013, unless otherwise indicated.

monses, rather than a preliminary writ of mandamus, to Ms. Norton, the MCHR, and its director, requesting they appear, file a "pleading to the petition," and serve the pleading on Tivol.

The MCHR moved to dismiss Tivol's mandamus petition for failure to state a claim. The MCHR addressed the merits of Tivol's petition, arguing it could not "establish either that the Commission was required to determine its jurisdiction over the complaint prior to issuing the right to sue letter or that [Tivol] was prejudiced by the issuance of the letter." The MCHR argued Ms. Norton requested the right-to-sue letter more than 180 days after filing her complaint, the MCHR had a duty under section 213.111.1 to stop the administrative proceedings, and it was not required or permitted to delay issuing the letter until it determined whether the complaint was timely.

The circuit court sustained the MCHR's motion to dismiss, finding section 213.111.1 required the MCHR to issue Ms. Norton a right-to-sue letter and terminate all administrative proceedings relating to her case because 180 days had lapsed because Ms. Norton had filed her complaint and she had requested a right-to-sue letter be issued. The circuit court also found, because Tivol raised the timeliness issue in its written position statement to the MCHR, Tivol had preserved the right to raise the issue in the civil action and did not need to bring an action for writ of mandamus. Tivol appealed. This Court granted transfer after opinion by the court of appeals. *Mo. Const. art. V, § 10.*

### B. Caesars

On November 27, 2013, Rebecca Gleason filed complaints with the MCHR and the EEOC against her former employer, Caesars Entertainment Operating Co., Inc. In her complaint to the MCHR, Ms. Gleason alleged sex discrimination and retaliation in violation of the MHRA. *§§ 213.010-213.137.* Ms. Gleason claimed Caesars subjected her to sex-based harassment and discrimination during her employment in 2011 and 2012 and discriminated against her after she complained about that discrimination by firing her November 1, 2012. She also claimed this harassment and discrimination contributed to Caesars' opposition to her requests for unemployment benefits in June 2013.

In response to the charge, Caesars sent a letter to the MCHR alleging the MCHR "does not have jurisdiction over any alleged discrimination or retaliation occurring prior to May 31, 2013, and does not have the authority to issue a right to sue letter related to any alleged discrimination or retaliation occurring prior to May 31, 2013" under section 213.075.1.[2] It also objected to the issuance of a right-to-sue letter relating to any untimely claims. On June 19, 2014, more than 180 days later, at Ms. Gleason's request, the MCHR issued a right-to-sue letter, stating in part:

> This letter indicates your right to bring a civil action within 90 days of this notice ... Upon issuing of this notice, the MCHR is terminating all proceedings relating to the complaint.... You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.... This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days

---

**2.** Although Caesars said the MCHR lacked jurisdiction, it actually argued only the MCHR did not have authority to investigate incidents occurring prior to May 31, 2013, because Ms. Gleason had been fired in November 2012 and did not file her complaint until November 27, 2013.

after filing of the complaint.... **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

(Emphasis in original).

Caesars filed a petition for writ of mandamus asking the circuit court to compel "the MCHR and Director to withdraw and vacate the [right-to-sue letter] with respect to any claims based upon alleged MHRA violations occurring before May 31, 2013," although Caesars admitted Ms. Gleason's claims alleging discrimination in opposing her request for unemployment benefits were timely.

The circuit court issued summonses, rather than a preliminary writ of mandamus, to the MCHR and its director, requesting both to appear before the circuit court, file a "pleading to the petition," and serve the pleading on Caesars.

On October 3, 2014, the MCHR moved to dismiss Caesars' petition for writ of mandamus for failure to state a claim. The MCHR addressed the merits of Caesars' petition, arguing it could not "establish either that the Commission was required to determine its jurisdiction over specific claims prior to issuing the right to sue letter or that [Caesars was] prejudiced by the issuance of the letter." The MCHR argued once Ms. Gleason requested the right-to-sue letter more than 180 days after filing her complaint, the MCHR had a statutory duty under section 213.111.1 to stop the administrative proceedings and was not required or permitted to delay issuing the letter until it determined whether the complaint was timely.

The circuit court sustained the MCHR's motion to dismiss, finding section 213.111.1 required the MCHR to issue Ms. Gleason a right-to-sue letter and terminate all administrative proceedings relating to her case because 180 days had lapsed because

Ms. Gleason had filed her complaint and she had requested a right-to-sue letter be issued. It also found, because Caesars raised the timeliness issue in its written position statement to the MCHR, Caesars had properly "preserved [its] right to raise the issue in any subsequent civil action ... and [did] not need to challenge the Commission's issuance of a right to sue notice by bringing an action for writ of mandamus." Caesars appealed, and this Court granted transfer after opinion by the court of appeals. *Mo. Const. art. V, § 10.*

## II. STANDARD OF REVIEW

This Court held in *United States Department of Veterans Affairs v. Boresi, 396 S.W.3d 356, 358-59 (Mo. banc 2013):*

> An appeal will lie from the denial of a writ petition when a lower court has issued a preliminary order in mandamus but then denies a permanent writ. Likewise, when the lower court issues a summons, the functional equivalent of a preliminary order, and then denies a permanent writ, appellate review is available. To be entitled to a writ, "a litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed." An appellate court reviews the denial of a petition for a writ of mandamus for an abuse of discretion. An abuse of discretion in denying a writ occurs when the circuit court misapplies the applicable statutes.

(Citations omitted). Our review is *de novo* of the legal question whether the relevant statute permits the circuit court to direct the MCHR to continue to process the complaint once it has issued a right-to-sue letter after 180 days have passed. *See Laut v. City of Arnold, 491 S.W.3d 191, 196 (Mo. banc 2016)* (questions of law reviewed *de novo*); *Lemay Fire Prot. Dist. v. St.*

*Louis Cnty., 340 S.W.3d 292, 294 (Mo. App. 2011).*

### III. THE CIRCUIT COURT'S SUMMONSES WERE THE FUNCTIONAL EQUIVALENT OF PRELIMINARY WRITS

In each case, the circuit court improperly issued a summons rather than a preliminary writ of mandamus, in contravention of the clear language of Rule 94.04, which requires, "If the court is of the opinion that the preliminary order in mandamus should be granted, such order shall be issued." *Rule 94.04.* This was · error.

As the majority opinion in *Boresi* made clear, "the ... practice of issuing a summons in lieu of a preliminary writ is not authorized by Rule 94. Writs are extraordinary remedies, and their procedures differ from normal civil actions. ... The practice of issuing a summons rather than a preliminary order fails to acknowledge the nature of the remedy." *396 S.W.3d at 359 n.1. Boresi* exercised "its discretion to consider the matter on the merits and issue the writ because the parties, who already have litigated the matter fully, were not at fault and should not be required to initiate a new writ proceeding due to the circuit court's failure to follow the procedure prescribed by the rules." *Id.* But *Boresi* noted, "This Court is not required to exercise its discretion in like manner in the future." *Id.*

In *Bartlett v. Missouri Department of Insurance,* No. SC96212, 528 S.W.3d 911, 2017 WL 3598216 (Mo. banc Aug. 22, 2017), also handed down this date, this Court declined to exercise its discretion to treat the summons as a preliminary order, for in that case the plaintiff told the clerk to issue a summons rather than treat the matter as a writ and repeatedly declined to

follow the procedure applicable to writs despite numerous motions by the State requesting the court order the plaintiff to do so. *Id.*

Here, however, as in *Boresi,* the parties have litigated this case as if the circuit court had issued a preliminary order in mandamus and then denied the permanent writ. The motion to dismiss addressed the merits of whether the circuit court could mandate the MCHR to consider the timeliness of the complaint even though the 180-day period had passed and the MCHR had issued a right-to-sue letter. The parties and the circuit court thereby treated the summons in a manner that can be fairly characterized as granting "the functional equivalent of a preliminary order." The circuit court then denied a permanent writ on the merits. *See Boresi,* 396 S.W.3d at 359; *see also R.M.A. v. Blue Springs R-IV Sch. Dist.* 477 S.W.3d 185, 189 (Mo. App. 2015).

As in *Boresi,* in these particular circumstances, this Court chooses to exercise its discretion to treat the summonses as preliminary orders, given the lack of fault on the part of the parties in proceeding by summons and in light of the importance of the issues presented in these cases and in the more than 100 other mandamus actions the parties indicate have been filed raising this same issue concerning the MCHR's authority to act once it issues a right-to-sue letter and the appropriate method for an employer to raise the timeliness issue. Parties should not expect unending tolerance from the appellate courts for such failures to follow Rule 94.04, however, particularly when the question is not of such general interest or when the parties were made aware of the failure to follow Rule 94, as in *Bartlett.*[3]

---

3. It is important to note an appellate court does not have discretionary jurisdiction; either it has jurisdiction of an appeal, or it does not. Denial of a petition for writ without issu-

## IV. SECTION 213.111.1 REQUIRES THE MCHR TO ISSUE EMPLOY- EES RIGHT-TO-SUE LETTERS AND TERMINATE ALL PRO- CEEDINGS RELATED TO THE COMPLAINTS

The MHRA authorizes the MCHR "[t]o receive, investigate, and pass upon complaints alleging discrimination." § 213.030.1(7). "Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination." § 213.075.1. After receiving the complaint, the agency shall "promptly investigate the complaint" to determine whether "probable cause exists for crediting the allegations of the complaint." § 213.075.3.

"[I]f the director determines after the investigation that probable cause exists for crediting the allegations of the complaint, the executive director shall immediately endeavor to eliminate the unlawful discriminatory practice." *Id.* If the executive director fails to eliminate the discriminatory practice as found in the investigation, the chairperson of the MCHR may decide to hold a hearing on the complaint. § 213.075.5. "A complaint may be administratively closed ... prior to setting the case for public hearing ... [f]or lack of jurisdiction." *8 CSR 60-2.025(7)(B)(3).*

If, however, the MCHR has not completed administrative processing of the complaint within 180 days from the date it was filed, section 213.111.1 allows the employee the option to request a right-to-sue letter and then file suit in court:

> If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice ... the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint.

*See also State ex rel. Martin-Erb v. Mo. Comm'n on Human Rights, 77 S.W.3d 600, 604 (Mo. banc 2002). See also 8 CSR 60-2.025(7)(B)(6).* The MHRA also provides once the right-to-sue letter is issued, the MCHR loses all authority to further process the complaint:

> Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint.... Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

§ 213.111.1. In *Farrow,* this Court applied these statutory provisions and held filing a timely complaint with the MCHR is not a condition precedent to filing a civil action in the circuit court because:

ing a preliminary writ is not appealable. *See R.M.A., 477 S.W.3d at 188.* Rather, the party seeking the writ must file the petition in the next higher court. *Rule 84.22.* Only if the circuit court issues a preliminary writ and then denies or quashes it on the merits, or grants the writ, can the losing party appeal. In *Boresi,* the petitioner could appeal only because this Court in its discretion treated the summons as a preliminary writ because it was the functional equivalent of a preliminary writ. *396 S.W.3d at 356.* Had this Court not so exercised its discretion, then it would not have had jurisdiction of the appeal and the petitioning party would have had to file a new petition for writ in this Court rather than appeal the lower court's denial of mandamus to this Court.

[T]he only requirements imposed by section 213.111 to file a claim under the MHRA are that: (1) an employee file a charge with the Commission prior to filing a state court action; (2) the Commission issue a right to sue letter; and (3) the state court action be filed within ninety days of the issuance of the right to sue letter but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party. The statute does not read, "If, after one hundred eighty days from the filing of a *timely* complaint. . . ." This Court will not read such a requirement into the plain statutory language.

*407 S.W.3d at 591.*

■ In the instant cases, the employers argue that although the MCHR did issue the right-to-sue letters, it had no authority to do so with respect to any untimely claims. The employers argue the MCHR was required to first determine whether it had jurisdiction over the employees' claims and dismiss any untimely claims before issuing a right-to-sue letter. This Court disagrees.

If 180 days have passed since the complaint was filed without the MCHR completing its administrative processing, and the employee requests a right-to-sue letter, section 213.111.1 expressly requires the MCHR to issue the letter. At that point, section 213.111.1 is explicit: "Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint."

That is what happened here. In both cases, more than 180 days after they were filed, the employees' complaints were still pending and each requested a right-to-sue

letter. In compliance with section 213.111.1, the MCHR immediately stopped processing the complaints and issued right-to-sue letters although it had not yet determined whether it had jurisdiction over some or all of the claims.[4] The statute is explicit that the MCHR had no authority to process these employees' complaints further. *§ 213.111.1.*

The employers nonetheless argue *Farrow* required the MCHR to determine whether the complaints were timely before it could issue the right-to-sue letters even though 180 days had passed and the letters had been requested. Had *Farrow* so held, it would have been incorrect, for this Court also is prohibited from telling the MCHR to act beyond its jurisdiction. But *Farrow* should not be read so broadly. In *Farrow*, the MCHR issued the employee, Farrow, a right-to-sue letter only 145 days after she filed her complaint. *Id. at 586.* Nothing requires the MCHR to issue a right-to-sue letter before the end of the 180-day period. It was in this narrow factual circumstance that *Farrow* held the MCHR still was able to "close or dismiss Farrow's complaint for want of jurisdiction," but it instead "exercised its authority to issue the right to sue letter, thus implicitly finding Farrow's claim was timely." The Court stated:

> The proper forum to file a writ of mandamus was with the circuit court pursuant to section 536.150 . . . challenging the Commission's jurisdiction to issue the right to sue letter based on its belief Farrow's claim was untimely.

*Id. at 589, 590;*[5] *Martin-Erb, 77 S.W.3d at 608* ("If [the employee] makes specific alle-

---

4. While not required by statute, we note in both cases the MCHR provided further information to the parties, stating in the right-to-sue letters, the "administrative processing of

this complaint, including determinations of jurisdiction, ha[d] not been completed."

5. No one has suggested the MCHR did not have authority to determine its jurisdiction

gations as to how the executive director failed to follow those rules, then section 536.150 gives her the right to file a mandamus action to determine whether the executive director's actions "accomplished under prescribed procedures and were lawful'"); *see also Walker v. Personnel Advisory Bd. of Mo., 670 S.W.2d 1, 5 (Mo. banc 1984)*.

■ "Judicial decisions must be construed with reference to the facts and issues of the particular case, and ... the authority of the decision as a precedent is limited to those points of law which are raised by the record, considered by the court, and necessary to the decision." *Byrne & Jones Enter. v. Monroe City R-1 Sch. Dist. 493 S.W.3d 847, 855 (Mo. banc 2016)*. In the instant cases, unlike in *Farrow*, 180 days had elapsed, and, as discussed above, the MCHR was required to issue the right-to-sue letters to the employees and terminate all proceedings related to their complaints pursuant to section 213.111.1. The MCHR was required to do so regardless of where it was in its administrative processing—here the records show, based on language the MCHR chose to include in its letters, it had not yet determined its jurisdiction in either case.

Whether *Farrow* was correct in regard to the authority to mandate that the MCHR determine its jurisdiction in this narrow circumstance is not before the Court today, nor was it before the Court in *Farrow*, as the employer had not preserved the timeliness issue by raising it at the MCHR level, and therefore it was waived. *407 S.W.3d at 590*.[6]

In any event, in the instant cases, unlike in *Farrow*, 180 days had elapsed, and, as discussed above, the MCHR was required to issue the right-to-sue letters to the employees and terminate all proceedings related to their complaints pursuant to section 213.111.1 even though it had not yet determined its jurisdiction. At that point, the MCHR had no statutory authority to make any findings of fact related to the complaints, implicitly or otherwise, including whether they had been timely filed. The circuit court, therefore, properly dismissed the petitions filed by Caesars and Tivol.

The employers' confusion as to the application of *Farrow*'s dicta to right-to-sue letters issued after 180 days at the request of the employee is not unique; since *Farrow* was decided, the parties indicate, more than 100 petitions for writs of mandamus have been filed in circuit courts across the state challenging the timeliness of the complaint filed with the MCHR in each of those cases. To the extent dicta in *Farrow* has been interpreted to permit the employer to raise this issue by filing a petition for writ of mandamus in the circuit court after the MCHR has issued a right-to-sue letter following the 180-day period, it has been misinterpreted. These cases are governed by the provisions of section 213.111.1, which required the MCHR to cease all action on employees' complaints and issue a right-to-sue letter once that letter was requested more than 180 days after employees filed their complaints.

## V. CONCLUSION

For the reasons noted above, this Court affirms the circuit court judgments deny-

---

and issue a right-to-sue letter *sua sponte* prior to the end of the 180-day period. *See Igoe v. Dep't. of Labor and Indus. Relations, 152 S.W.3d 284, 287 n. 5 (Mo. banc 2005)*.

**6.** Even had that not been the case, it would have been difficult to have obtained a writ

before the 180 days had passed. As this Court stated in *Martin-Erb*, the most the writ could do would be to direct the MCHR to continue applying its statutory process. *77 S.W.3d at 608*.

ing the employers' requests for permanent writs of mandamus.

Draper, Wilson, Russell and Breckenridge, JJ., concur;

Fischer, C.J., dissents in separate opinion filed.

Powell, J., not participating.

Zel M. Fischer, Chief Justice, dissenting.

I write separately because there is no compelling reason to depart from this Court's clear admonition and declaration of law expressed in *United States Department of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 n.1 (Mo. banc 2013), that a circuit court's

> **practice of issuing a summons in lieu of a preliminary writ is not authorized by Rule 94.** Writs are extraordinary remedies, and their procedures differ from normal civil actions. The practice of issuing a summons rather than a preliminary order fails to acknowledge the nature of the remedy. Additionally, it requires a response from the respondent without regard to the merits of the petition.

(Emphasis added) (internal citation omitted). Although this Court in *Boresi* chose to

> exercis[e] its discretion to consider the matter on the merits and issue the writ because the parties, who already have litigated the matter fully, were not at fault and should not be required to initi-

ate a new writ proceeding due to the circuit court's failure to follow the procedure proscribed by the rules[,]

*id.*, this Court cautioned that it was "not required to exercise its discretion in like manner in the future." *Id.* Despite this Court's admonition in *Boresi*, and despite the circuit court in each case being on notice of *Boresi*,[1] the principal opinion continues to sanction the issuance of a summons in lieu of a preliminary order even though such a procedure is not authorized by Rule 94. *See id.* at 365 (Fischer, J., concurring); *see also Bartlett v. Mo. Dep't of Ins.*, No. SC96212, 528 S.W.3d 911, 2017 WL 3598216 (Mo. banc Aug. 22, 2017) (slip op. at 1) (refusing to treat summonses as a preliminary order). As previously explained in *Boresi*:

> The general rule is that no appeal lies from the failure to issue a preliminary order. The remedy in such a case is a direct petition for writ of mandamus in a higher court. Conversely, if a preliminary order in mandamus issues, the remedy is to seek review in a higher court by appeal. *State ex rel. Ashby Road Partners, LLC v. State Tax Com'n*, 297 S.W.3d 80, 83 (Mo. banc 2009).

396 S.W.3d at 363–64 (Fischer, J., concurring).

The principal opinion in *Boresi* chose to "exercis[e] its discretion to consider the matter on the merits and issue the writ[,]" *id.* at 359 n.1; it did not exercise appellate jurisdiction.[2] This Court may exercise its

---

1. *Boresi* was handed down in April 2013. Glaringly apparent from these records, both petitions were filed in July 2014, and the circuit court in each case issued the summonses that same month. The principal opinion suggests the parties were not at fault, but this statement is not accurate because both parties and the circuit court have an obligation to ensure compliance with Rule 94.

2. Indeed, the principal opinion readily concedes that "an appellate court does not have discretionary jurisdiction; either it has jurisdiction of an appeal or it does not. Where a writ is concerned, denial of a petition for writ without issuing a preliminary writ is not appealable. Rather, the party seeking the writ must file the petition in the next higher court." Op. at n.3 (internal citation omitted).

discretion to "issue and determine original remedial writs[,]" Mo. Const. art. V, § 4.1, or grant transfer from the court of appeals if the case presents a question of general interest or importance. Mo. Const. art. V, § 10. Here, I would not exercise discretion to issue a writ to consider the legal issues presented because, in my view, this Court has an overriding responsibility to follow and enforce its rules. *See Boresi*, 396 S.W.3d at 364 n.5 (Fischer, J., concurring) (noting "compliance with Rule 94 or Rule 97 … should be required by circuit courts, court of appeals, and this Court"). This Court's rules bind all courts of this state, litigants and their attorneys, and "it is th[is] [C]ourt's duty to enforce them." *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012).

Enforcing our rules will encourage the court of appeals—as it did in these cases prior to transfer—and the circuit courts to follow this Court's rules. For instance, prior to this Court granting transfer, the court of appeals for the Western District in *Tivol* dismissed the appeal, stating it

> refuse[s] to perpetuate a procedural process … not authorized by Rule 94. "The rules of civil procedure are rules of practice and procedure to promote the orderly administration of justice." *Sitelines, LLC v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo. App. 2007) (quoting *Mello v. Williams*, 73 S.W.3d 681, 685 (Mo. App. 2002))…. The courts, litigants, and counsel were clearly put on notice that the practice of issuing a summons in lieu of a preliminary writ is not authorized by Rule 94. And, although the *Boresi* court said that appellate review is available when a lower court issues a summons and denies a permanent writ, the court clearly stated that it was not required to exercise its discretion in the

future;…. [T]he Missouri Supreme Court was signaling that, in future cases, it was highly unlikely that courts would exercise their discretion to hear appeals on the merits where the circuit court issued a summons, rather than a preliminary order. Indeed, if the Supreme Court Rules are truly binding on courts, litigants, and counsel as case law declares, then courts, litigants, and counsel must be bound by the procedures set forth in Rule 94, especially since *Boresi* put them on notice of the obligation to comply with those procedures almost three years ago. Thus, while we have the discretion to hear appeals on the merits in cases in which the circuit court issues a summons rather than a preliminary order, as an intermediate appellate court charged with the duty to enforce the Supreme Court Rules, we do not believe it is our place to continually excuse compliance with the procedural rules written by the Missouri Supreme Court. We find this especially true given that Tivol's recourse in this case is simple—Tivol merely needs to file its writ in a higher court.

Further, we note that, even if we felt compelled to exercise our discretion to hear Tivol's appeal in this case, we would deny the writ because this is not a proper mandamus case. "The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006). "A litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed. He must show himself possessed of a clear and legal right to the

---

To be clear, where I depart from the principal opinion is the concept that this Court can

declare a summons to be a preliminary writ to create appellate jurisdiction.

remedy." *Id.* at 166. Mandamus is not used "to establish a legal right; it may only be used to compel performance of a right that already exists. The writ's purpose is to execute, not to adjudicate." *Lemay v. Fire Protection Dist.*, 340 S.W.3d 292, 295 (Mo. App. 2011) (citations omitted). There is nothing ministerial about the determination concerning timeliness in this case. Timeliness is an issue that can require extensive investigation that may not be concluded within 180 days because it is subject to "the principles of waiver, estoppel, and equitable tolling, including the continuing violation theory exception." *Tisch v. DST, Sys., Inc.*, 368 S.W.3d 245, 252 (Mo. App. 2012). These are not matters that the Commission can necessarily decide on the face of the discrimination charge alone.

Based on the foregoing, we decline to exercise our discretion to hear Tivol's appeal on the merits. Because the circuit court denied Tivol's petition for writ of mandamus without issuing a preliminary order, Tivol's proper course was to file its writ in a higher court. We, therefore, dismiss Tivol's appeal.

*State ex rel. Tivol Plaza v. Mo. Comm'n on Human Rights*, No. WD 78477, 2016 WL 1435970, at \*4–5 (Mo. App. Apr. 12, 2016) (en banc) (footnote omitted) (internal citations omitted) (internal quotation marks omitted), *transfer granted*, No. SC95758 (Mo. banc Aug. 23, 2016); *see also State ex rel. Caesars Entm't Operating Co. v. Mo. Comm'n on Human Rights*, No. WD 78693, 2016 WL 1579082, at \*2 (Mo. App. Apr. 19, 2016) (per curiam), *transfer granted*, No. SC95759 (Mo. banc Aug. 23, 2016); *R.M.A. v. Blue Springs R-IV Sch. Dist.*, 477 S.W.3d 185, 190 n.10 (Mo. App. 2015).

Indeed, after *Boresi*, the court of appeals for the Eastern District in *Banks v. Slay* predictably held:

> Rather than perpetuate a procedural process that is not authorized by Rule 94 and is disfavored by the Supreme Court of Missouri, instead of stating that the judgment is affirmed, this court denies the writ without prejudice to seeking an original writ in the Supreme Court of Missouri. In the future, our circuit courts should follow the procedure set out in Rule 94 rather than issue a summons.

410 S.W.3d 767, 771 (Mo. App. 2013) (per curiam). As demonstrated by its decision in *WMAC 2013, LLC v. McBride*, 493 S.W.3d 44, 47 (Mo. App. 2016), the Eastern District has remained consistent.

Failure to enforce our own rules perpetuates uncertainty as to when this Court will rationalize an excuse to follow proper procedure. In my view, it is not good policy for this Court not to follow its own rules. The resolution of the extremely narrow legal issue presented in these two cases does not justify litigants' and circuit courts' decisions to not follow the rules of civil procedure. In fact, it could be argued that if there are numerous pending cases raising the same legal issue, those litigants and circuit courts that followed proper procedure should be entitled to prompt resolution, as opposed to those litigants and circuit courts that did not follow proper procedure.

I continue to condemn the practice of permitting a circuit court—on its own or at the request of an attorney—to issue a summons in lieu of a preliminary order when seeking an extraordinary writ. Furthermore, when the court of appeals dismisses an appeal for failure to follow the procedural rules for seeking an extraordinary writ, this Court should not grant transfer of the cases. Should a litigant

believe it is entitled to an extraordinary writ, the proper procedure would be for the litigant to seek a writ in this Court and then this Court could determine whether to exercise its discretion to issue or not issue the writ.

Because the circuit court in both of these cases did not issue a preliminary order, I would not have granted transfer of these cases after the court of appeals dismissed them for failure to comply with this Court's rules. The prudential reasons for this Court to refuse to exercise its discretion to not consider these cases on the merits are well set out in the cases cited above.