Philip M. Hess, Presiding Judge
Introduction
Natasha Jordan ("Appellant") appeals the judgment of the circuit court of St. Louis County dismissing her claims under the Missouri Human Rights Act ("MHRA") for failure to state a claim upon which relief can be granted. Appellant alleged nine counts against Bi-State Development Agency of the Missouri-Illinois Metropolitan District ("Bi-State") and Lawrence Brew ("Brew") (collectively "Respondents") relating to discrimination on the bases of sex, disability, race, and retaliation.
Respondents moved to dismiss for failing to state a claim upon which relief can be granted. The trial court granted the motion. This appeal follows. Bi-State is an interstate compact between Missouri and Illinois. As such, it is not subject to any burden unilaterally imposed on it by either State's law. When the Appellant's claims accrued the MHRA and Illinois Human Rights Act ("IHRA") had different burdens of proof. The MHRA imposed a burden on Bi-State that the IHRA does not. We are therefore constrained to affirm.
Factual and Procedural Background
Appellant is an African-American female employed as a bus driver for Bi-State from 2006 until April 2016 when she filed her petition in the circuit court. The petition alleges that Brew was her supervisor at different points in time during her employment with Bi-State, that he sexually harassed *59 her while he was her supervisor, and that he retaliated against her after she rejected his advances. The petition alleges that Brew retaliated by issuing disciplinary points against her and that he later issued Appellant disciplinary points whenever she took medical leave. Additionally, she alleges that Brew and other Bi-State supervisors arranged a disciplinary meeting in retaliation for the charges of discrimination she filed with the Missouri Commission on Human Rights ("MCHR"). She asserts she was not provided a union representative and that Caucasian employees received union representation during disciplinary hearings. The MCHR issued Appellant a notice of a right to sue and she subsequently filed her petition.
Respondents moved to dismiss for failure to state a claim upon which relief may be granted. They asserted that Bi-State is the creation of an interstate compact between Missouri and Illinois and that the MHRA would impose an impermissible unilateral burden on Bi-State. They argued that when Appellant filed her claim, the burden of proof under the MHRA was the "contributing factor" standard, a less stringent standard of proof for employment discrimination claims than the IHRA. Appellant argued the MHRA and IHRA were "complementary or parallel laws" and the MHRA placed no impermissible burden upon Bi-State.
The circuit court granted the motion to dismiss. It adopted Bi-State's position that the IHRA and MHRA's different standards of proof were dispositive. The circuit court explained that courts generally interpret the IHRA to be practically identical to federal Title VII discrimination claims. Title VII and the IHRA employ a "motivating factor" standard, which is more stringent than the "contributing factor" standard employed under the MHRA at the time of Appellant's filing.[1] The court concluded that Respondents were therefore not subject to suit because the MHRA impermissibly imposed a unilateral burden on Bi-State.
Standard of Review
We review the dismissal for failure to state a claim upon which relief can be granted de novo. Anderson v. Union Elec. Co. , 463 S.W.3d 783, 786 (Mo. banc 2015). We review whether the petition states a cause of action. Id. It is "reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action." State ex rel. Henley v. Bickel , 285 S.W.3d 327, 329 (Mo. banc 2009). "In order to avoid dismissal, the petition must invoke 'substantive principles of law entitling plaintiff to relief and ... ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial.' " Otte v. Edwards , 370 S.W.3d 898, 900 (Mo. App. E.D. 2012).
Discussion
The Appellant raises two points on appeal. She argues in Point I the trial court erred in dismissing her petition because the MHRA and IHRA are complementary or parallel laws. She argues in Point II she exhausted her administrative remedies prior to filing her petition. Point I is dispositive of Appellant's appeal.
Illinois and Missouri entered the compact that created Bi-State in 1949. § 70.370 RSMo 2016; 45 Ill. Comp. Stat. 110/1. The purpose of creating Bi-State *60 was to "provide a unified mass transportation system" that benefits both Illinois and Missouri. See Bartlett v. Bi-State Dev. Agency, 827 S.W.2d 267, 269 (Mo. Ct. App. E.D. 1992).
A. Interstate Compacts
The Compact Clause ("the Clause") of the U.S. Constitution permits states to enter into interstate compacts pursuant to congressional approval. U.S. Const. art. I, § 10, cl. 3. Interstate compacts "represent a political compromise between states, not a commercial transaction." KMOV TV, Inc. v. Bi-State Dev. Agency of the Missouri-Illinois Metro. Dist. , 625 F.Supp.2d 808, 810 (E.D. Mo. 2008). Bi-state entities created pursuant to the Clause are unique because three separate sovereigns are involved-the federal government and two states. Hess v. Port Authority of Trans-Hudson Corp. , 513 U.S. 30, 41, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994). It is the nature of interstate compacts they "shift[ ] a part of a state's authority to another state or states, or to the agency the several states jointly create to run the compact." KMOV , 625 F.Supp.2d at 810. In a bi-state compact, one state may not enact legislation that unilaterally imposes burdens upon the compact "absent the concurrence of the other signatories." Bi-State Dev. Agency of the Missouri-Illinois Metro. District v. Dir. of Revenue , 781 S.W.2d 80, 82 (Mo. banc 1989). There is no consensus amongst courts over the meaning of "concurrence." The majority view is the "application of states' laws to the compact [is proper only] if the states' legislation contains an express statement that they intend to amend the compact." KMOV , 625 F.Supp.2d at 812 ; see also Malverty v. Waterfront Comm'n of New York Harbor , 71 N.Y.2d 977, 529 N.Y.S.2d 67, 524 N.E.2d 421 422 (1988) (holding only legislation with the express legislative approval of the other state may affect the compact).
B. Redbird Engineering
Missouri is in the minority of states which, in limited circumstances, allows an interstate compact to be subject to one state's legislation without the express concurrence of the other state. See Redbird Engineering Sales, Inc. v Bi-State Dev. Agency of Missouri-Illinois Metro. Dist. , 806 S.W.2d 695 (Mo. App. ED. 1991). In Redbird , we adopted the "complementary or parallel" standard to determine when it is permissible for the legislation of one signatory of an interstate compact to affect the compact. 806 S.W.2d 695, 701 (Mo. App. E.D. 1991). In Redbird , we acknowledged the principle that "one party to an interstate compact may not enact legislation which would impose burdens upon the compact absent the concurrence of other signatories." Id. Redbird derived from this principle the "corollary ... that the agency may be made subject to complementary or parallel state legislation [of the other state]." Id. The complementary and parallel standard is less stringent than the standard used in most state and federal courts. See, e.g. , KMOV TV , 625 F.Supp.2d at 813.
In Redbird , we determined that the bonding of public works statutes of Missouri and Illinois "were for all intents and purposes identical," and the "courts of each state are in accord as to the construction of their respective acts." We therefore held that Missouri's statute imposed no impermissible unilateral burden on the compact. Id. Redbird does not explicitly state that the phrases "for all intents and purposes identical" or "the courts of each state are in accord as to the construction of their respective acts" constitute a bright-line test for whether legislation is complementary and parallel, nor does it otherwise provide significant guidance on the proper application of the standard. However, we find Redbird instructive.
*61 The MHRA and IHRA are similar on a general level, as both address employment discrimination and retaliation claims. But, as the trial court noted, under the IHRA, an employee must prove discrimination was the "motivating factor" in the challenged employment decision(s). When Appellant filed her petition, the standard for MHRA claims was whether discrimination was a "contributing factor" in the challenged employment decision(s).
Supreme Court of Missouri and Eight Circuit Court of Appeals case law support the proposition that liability under the contributing factor standard increased employer liability compared to the motivating factor standard. See, e.g. , Daugherty v. City of Maryland Heights , 231 S.W.3d 814, 818-19 (Mo. banc 2007) ("Missouri's discrimination safeguards under the MHRA ... are not identical to the [motivating factor standard] and can offer greater discrimination protection."); Wierman v. Casey's General Stores , 638 F.3d 984, 1002-03 (8th Cir. 2011) (affirming grant of summary judgment for employer under the motivating factor standard but remanding under the contributing factor standard because there was a genuine issue of material fact). Furthermore, as the circuit court noted in its judgment, if there was no difference between the pre- and post-amendment MHRA, the 2017 amendment would have been pointless.
Appellant argues any impermissible unilateral burden imposed by the MHRA was "offset" by the IHRA's broad protections for sexual discrimination. Appellant's arguments are not persuasive. When the Appellant underscores the differences between the MHRA and IHRA it weighs against a finding that the statutes are "parallel." Additionally, Appellant provides no authority for the "offset" proposition. Further, the broadening of potential liability introduced by the contributing factor standard belies the notion that the MHRA and IHRA are "complementary." The contributing factor standard increased the risk of an employer incurring liability for employment discrimination in Missouri. It increased the burden placed on employers. The increased burden on employers cannot be deemed "complementary" because the IHRA had fixed a higher burden of proof for the same type of claim.
At oral argument, Appellant asserted the differences between motivating factor and contributing factor are not meaningful in a jury trial. Appellant's assertion is untenable, particularly when viewed in the light of the Eight Circuit's holding in Wierman and our Supreme Court's statements in Daugherty . With differing burdens of proof the MHRA and IHRA are not identical for all intents and purposes.
Furthermore, in Redbird , the "courts of each state" were in "accord as to the construction of their respective acts." Redbird , 806 S.W.2d at 702. That judicial accord is not present in this case. Before Daugherty the burden of proof in Missouri was motivating factor. See e.g. , MidstateOil Co. v. Missouri Comm'n on Human Rights , 679 S.W.2d 842, 845 (Mo. banc 1984). After Daugherty the burden of proof was contributing factor. Daugherty , 231 S.W.3d 814, 818-19 (Mo. banc 2007). Illinois courts construe the burden of proof under their act to be "motivating factor." Zaderaka v. Ill. Human Rights Comm'n , 131 Ill.2d 172, 137 Ill.Dec. 31, 545 N.E.2d 684, 687 (1981) ("In analyzing employment discrimination actions brought under the Human Rights Act ... the Illinois appellate court[s] have adopted the analytical framework set forth in United States Supreme Court decisions ... under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.") (citations omitted). Therefore, the courts of each state were clearly not in "accord as to the construction of their respective acts," at the time Appellant filed her petition.
*62 In sum, the increase in potential employer liability that accompanied the different burdens of proof under the MHRA and IHRA imposed an impermissible unilateral burden on Bi-State. Therefore, the acts were not complementary or parallel under Redbird . Respondents are not subject to suit under the MHRA.[2] Point denied.
Our conclusion that Respondents are not subject to the MHRA renders Appellant's Point II moot. Point II is denied.
Conclusion
For the foregoing reasons, we affirm the judgment of the trial court.
Robert G. Dowd, Jr., J. and Mary K. Hoff, J. concur.

The Missouri legislature amended the MHRA in 2017. Mo. Human Rights Act, ch. 395, sec. 230.010, § 230.010 (2017). Missouri now employs a "motivating factor" burden of proof. Id. The amendment went into effect on 8/28/2017. Id. The amendments to the MHRA are not applicable to this case.

Given our conclusion, we decline to address Respondent's argument Redbird should no longer be followed. We also refrain from commenting on whether the MHRA and IHRA are now complementary and parallel given Missouri's 2017 legislative changes. Further, Appellant was not without rights to sue Bi-State for employment discrimination. Federal law provides a remedy under Title VII. See e.g. , Miner v. Bi-State Dev. Agency , 943 F.2d 912, 913 (8th Cir. 1991).