

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

TWESTLY EMSWELLER,                        )          No. ED107651
                                          )
    Appellant,                          )
                                          )          Appeal from the Circuit Court
    vs.                                 )          of the City of St. Louis
                                          )          1622-CC09956-01
BI-STATE DEVELOPMENT AGENCY               )
OF MISSOURI-ILLINOIS                       )          Honorable Michael F. Stelzer
METROPOLITAN DISTRICT,                     )
                                          )
    Respondent.                         )          Filed:   October 22, 2019

## OPINION

Twestly Emsweller ("Plaintiff") appeals the trial court's grant of judgment on the pleadings in favor of Bi-State Development Agency of Missouri-Illinois Metropolitan District ("Defendant") on Plaintiff's petition seeking damages against Defendant under the Missouri Human Rights Act ("MHRA").[1]  We affirm.

---

[1] All statutory references to the MHRA, which is found in chapter 213, are to RSMo. 2000, which was the version of the statutes in effect at the time Plaintiff filed his complaint of discrimination with the Missouri Commission on Human Rights and his petition in the circuit court.  The statutes were subsequently amended (effective August 28, 2017), but these amendments do not apply in this case.

## I.     BACKGROUND

### A.     The Relevant Allegations in Plaintiff's Petition

Because this appeal involves a grant of a motion for judgment on the pleadings, it is important to initially set out the relevant allegations of Plaintiff's petition. These allegations are as follows.[2]

Plaintiff worked for Defendant from approximately 2002 through 2015 as a service manager in Defendant's Call-A-Ride Division for residents of the St. Louis area. Defendant initiated a practice prior to Plaintiff's termination where Medicaid riders were refused transport service to certain locations, while non-Medicaid riders were not. Plaintiff believed the practice was discriminatory of African-American riders and expressly voiced his concerns to superiors. Shortly after, Plaintiff was terminated on March 19, 2015, for an alleged troubled behavioral pattern.

### B.     Procedural Posture

After Plaintiff was terminated, he filed a complaint of discrimination with the Missouri Commission on Human Rights ("MCHR") on September 4, 2015, related to his termination. 273 days later, on June 3, 2016, the MCHR issued a right-to-sue letter to Plaintiff. Then, Plaintiff filed a petition against Defendant in the Circuit Court of the City of St. Louis alleging his termination violated the MHRA.

Thereafter, Defendant filed a motion to dismiss Plaintiff's action on the grounds Defendant is an interstate compact which would not subject it to the MHRA ("the interstate compact defense"). The circuit court denied Defendant's motion to dismiss on April 11, 2017. Then, Defendant filed its answer, again asserting the interstate compact defense.

---

[2] Defendant admits, for purposes of its motion for judgment on the pleadings, the truth of Plaintiff's well-pleaded facts. *See City of Dardenne Prairie v. Adams Concrete and Masonry, LLC*, 529 S.W.3d 12, 17 (Mo. App. E.D. 2017).

Subsequently, on August 21, 2018, this Court issued its decision in *Jordan v. Bi-State Development Agency*, 561 S.W.3d 57 (Mo. App. E.D. 2018). There, our Court found "the increase in potential employer liability that accompanied the different burdens of proof under the MHRA and the [Illinois Human Rights Act] imposed an impermissible unilateral burden on [the defendant Bi-State Development Agency of Missouri-Illinois Metropolitan District]." *Id*. at 58, 62. Our Court further held that the defendant Bi-State Development Agency of Missouri-Illinois Metropolitan District was not subject to suit under the MHRA as the statutes existed prior to the 2017 amendments, because Defendant is an interstate compact and had an impermissible burden under the MHRA. *Id*. at 58, 59 n.1, 62, 62 n.2; *see also* footnote 1 of this opinion.

After *Jordan*, Defendant filed a motion for judgment on the pleadings in this case, again asserting the interstate compact defense. The circuit court granted Defendant's motion. Plaintiff then filed this appeal.

## II.   DISCUSSION

Plaintiff raises one point on appeal, asserting the trial court erred in granting Defendant's motion for judgment on the pleadings. For the reasons discussed below, we disagree.

### A.   Standard of Review

"Judgment on the pleadings addresses a question of law, which we review de novo. For the purpose of the motion, the moving party admits the truth of well-pleaded facts in the opposing party's pleadings." *City of Dardenne Prairie v. Adams Concrete and Masonry, LLC*, 529 S.W.3d 12, 17 (Mo. App. E.D. 2017) (internal citation omitted). The party seeking judgment on the pleadings is similar to that of a movant seeking a motion to dismiss: "assuming the facts pleaded by the opposite party to be true, these facts nevertheless are insufficient to warrant relief as a matter of law." *Id*. This Court affirms a judgment on the pleadings "only

where under the conceded facts, a judgment different from the pronounced could not be rendered notwithstanding any evidence which might be produced." *Id*. (quotations omitted).

**B.** **Whether the Trial Court Erred in Granting Defendant's Motion for Judgment on the Pleadings**

In this case, Plaintiff argues the trial court erred in granting Defendant's motion for judgment on the pleadings because Defendant waived its interstate compact defense by failing to raise it in a writ of mandamus. For the reasons discussed below, we disagree.

**1.** **General Law**

Plaintiff alleges violation of the MHRA. *See* sections 213.065.2; 213.070(2). Under these provisions, it is unlawful to segregate or discriminate against people on the grounds of race, color, religion, national origin, sex, ancestry, or disability. *See* section 213.065.2. It is also illegal to retaliate or discriminate against a person because they opposed the prohibited discrimination. *See* section 213.070(2).

The filing of a complaint under the MHRA is governed by section 213.075. *Farrow v. Saint Francis Medical Center*, 407 S.W.3d 579, 588 (Mo. banc 2013).[3] Section 213.075.1 states in relevant part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission.

To file a claim under the MHRA: (1) the plaintiff must file a complaint with the MCHR prior to filing a state court action, (2) a right to sue letter must be issued by the MCHR, and (3) the plaintiff's state court action must be brought within ninety days of the right to sue letter but no later than two years after the events occurred or its reasonable discovery by the alleged

---

[3] *Farrow* has been superseded by statute on grounds not relevant to this opinion. *See Jones v. City of Kansas City*, 569 S.W.3d 42, 51-52, 52 n.8 (Mo. App. W.D. 2019).

injured party. *Farrow*, 407 S.W.3d at 591. Furthermore, a writ of mandamus can be utilized with the circuit court under section 536.150.1 RSMo 2000[4] when challenging the MCHR's authority for not following proper procedures or timeliness issues. *Farrow*, 407 S.W.3d at 589-90; *see State ex rel. Martine-Erb v. Missouri Com'n on Human Rights*, 77 S.W.3d 600, 608 (Mo. banc 2002); *see also Public School Retirement System of School Dist. of Kansas City v. Missouri Com'n On Human Rights*, 188 S.W.3d 35, 41 (Mo. App. W.D. 2006); section 213.085.2; *but see State ex rel. Tivol Plaza, Inc. v. Missouri Commission on Human Rights*, 527 S.W.3d 837, 844-45 (Mo. banc 2017) (holding a writ of mandamus is not appropriate to assert timeliness where the MCHR has issued a right to sue letter more than 180 days after the plaintiff's complaint was filed with the MCHR).

### 2. Analysis of Plaintiff's Argument on Appeal

In this case, Plaintiff argues Defendant was required to file a writ of mandamus to preserve its interstate compact defense, relying primarily on the Missouri Supreme Court's decision in *Farrow*.[5] However, as explained below, *Farrow*'s holding does not apply to the circumstances of this case.

---

[4] All statutory references to section 536.150.1 are to RSMo 2000, which is the most current version of the statute. Section 536.150.1 provides in relevant part:
> "When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by [*inter alia*] . . . mandamus . . .."

[5] Plaintiff also attempts to rely on section 213.085.2, which provides "Any person who is aggrieved by a final decision, finding, rule or order of the [C]ommission *may* obtain judicial review by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the [C]ommission's final decision." (emphasis added). Based on the plain and ordinary meaning of the term "may" found in the preceding statute, Plaintiff's argument that Defendant was required to file a writ of mandamus to assert its interstate compact defense, has no merit. *See S.J.V. by Blank v. Voshage*, 860 S.W.2d 802, 804 (Mo. App. E.D. 1993) ("The word 'may', when considered in its plain and ordinary meaning, does not mandate the action which follows it. Rather, it implies alternate possibilities and that the conferee of the power. . . has discretion in the exercise of the power.") (quotations omitted).

In *Farrow*, the Supreme Court held that a writ of mandamus is required to be filed in order to preserve a claim when two circumstances are present: (1) a party is challenging timeliness, and (2) a right to sue letter has been issued before 180 days had passed since the plaintiff's complaint was filed with the MCHR. *Farrow*, 407 S.W.3d at 588-90; *see State ex rel. Tivol Plaza*, 527 S.W.3d at 844-45 (expressly limiting *Farrow* to narrow circumstances when right to sue letters were issued by the MCHR before the 180 days and timeliness was being challenged). Neither of these two circumstances are presented here. First, Defendant was not challenging timeliness; instead, Defendant challenged whether it was subjected to the MHRA by raising the interstate compact defense. In addition, the right to sue letter in this case was issued 273 days after Plaintiff's complaint was filed with the MCHR – not before 180 days like in *Farrow*. The Commission loses all authority *after* the 180 days expires and a right to sue letter is requested. *See* section 213.111.1; *Tivol*, 527 S.W.3d at 844-45 ("the MCHR ha[s] no statutory authority to make any findings of fact related to the complaints, implicitly or otherwise . . ." when 180 days expires with the MCHR and a right to sue letter is requested).

Because neither of the two circumstances of *Farrow* are present in this case, *Farrow*'s holding does not apply here, and Defendant was not required to file a writ of mandamus to assert the interstate compact defense. *See Tivol*, 527 S.W.3d at 844-45; *Farrow*, 407 S.W.3d at 588-90; *see also Jordan*, 561 S.W.3d at 58-62 (affirming the trial court's judgment granting the defendant Bi-State Development Agency of Missouri-Illinois Metropolitan District's motion to dismiss for failure to state a claim based on the interstate compact defense even though apparently no writ of mandamus had been previously filed).[6] Furthermore, because Defendant is not subject to suit under the MHRA as the statutes existed prior to the 2017 amendments, the

---

[6] Although *Jordan* did not address the issue of preserving the interstate compact defense and made no related findings as to whether a writ of mandamus was required, 561 S.W.3d at 58-62, we still find it to be instructive authority in this case.

trial court did not err in granting Defendant's motion for judgment on the pleadings based on the interstate compact defense. *See Jordan*, 561 S.W.3d at 58, 59 n.1, 62, 62 n.2; *see also City of Dardenne Prairie*, 529 S.W.3d at 17. Point denied.

### III.    CONCLUSION

Based on the foregoing, the trial court's judgment granting Defendant's motion for judgment on the pleadings is affirmed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Robert G. Dowd, Jr., J., and
Roy L. Richter, J., concur.