**Jagpal GOSAL, Appellant,**

v.

**The CITY OF SEDALIA, Respondent.**

**No. WD 69871.**

Missouri Court of Appeals,
Western District.

July 21, 2009.

Rehearing Denied Sept. 1, 2009.

Steven A. Fritz, Sedalia, MO, for Appellant.

Anne C. Gardner, Sedalia, MO, for Respondent.

Before THOMAS H. NEWTON, C.J., HAROLD L. LOWENSTEIN, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Jagpal Gosal appeals the circuit court's grant of summary judgment for the City of Sedalia in an action wherein Gosal sought to enjoin the City from taking any action to demolish or repair a fire-damaged house owned by Gosal. The circuit court found that it lacked jurisdiction to consider Gosal's claim because Gosal did not timely file his request for judicial review of the decision of the Board of Appeals for the City. Gosal appeals and asserts: (1) that a genuine issue of fact exists concerning whether or not the Board's decision was final; (2) that the City is barred from enforcing the order because it failed to allow Gosal thirty days to repair the house; (3) that the notice of hearing and the hearing before the Board did not satisfy due process; and (4) that genuine issue of facts exist concerning whether or not the City should be estopped from claiming that the Board's order was final and from demolishing the house. We affirm.

Gosal owned a house at 237 South Prospect in Sedalia, Missouri. On Thanksgiving Day in 2005, the house was more than fifty percent damaged by fire. On December 21, 2005, Mike Bell, Dangerous Buildings Inspector from the Code Enforcement Department, and Andrew Burt, Building Official from the Code Enforcement Department, issued a "Notice of Dangerous Building" to Gosal. The notice informed Gosal that the building on the property had been found to be a public nuisance

because it had been "substantially damaged by fire," was uninhabited, and was "open at door, window, wall or roof[.]" The notice also informed Gosal to commence repairs on the building by "January 31, 2006," and to "proceed continuously without delay." The notice warned:

> If you do not begin the specified work by the time stated, or proceed with such work continuously without delay, a hearing will be held, and you may be ordered to perform the specified work by a specific time or risk having the buildings or structures demolished and the work taxed to you by special tax bill.

Gosal had an agreement to sell the property to Travis Edgar and Larry Allen, and Edgar and Allen agreed to complete the repairs. On December 5, 2005, Gosal and Edgar obtained a building permit from the City to begin repairs on the fire-damaged house. The building permit had an expiration date of June 5, 2006.

On June 6, 2006, the chairman of the City's Board of Appeals issued a notice of hearing to Edgar, Allen, and Gosal, and other interested parties. The notice said:

> You are hereby notified that a hearing will be held on your failure to abate a public nuisance located at 237 S. Prospect Sedalia, MO, by failing to commence work or by failing to proceed continuously with the work required therein without unnecessary delay within the time specified in the Notice of Dangerous Building, mailed regular and certified mail on December 21, 2006.[1]

According to the notice, the hearing was scheduled for July 12, 2006.

At the July 12, 2006, hearing, the Dangerous Buildings Inspector Mike Bell testified under oath about the present condition of the building. He said that the building needed a roof, the siding repaired and painted, windows put in, and the outside "need[ed] to be straightened up." The inspector recommended that Gosal be given thirty days to repair or demolish the property. Gosal's attorney, on behalf of Gosal, agreed on that record that he was not opposed to the City's recommendation. At the conclusion of the hearing, the Board of Appeals unanimously ruled that Gosal was given thirty days from the date of the Board's order to repair or demolish the dangerous building on his property.

The Board issued its Findings, Conclusions, and Order on the same day as the hearing, July 12, 2006. The Board issued these findings:

> Based upon competent and substantial evidence presented at the hearing the buildings and structures on said property have been found to be public nuisances. . . . The conditions, and the specific facts which make the buildings fit the conditions, are as follows:
>
> . . . .
>
> (d) Those which have been substantially damaged by fire, wind or other causes . . . .
>
> (e) Those which are uninhabited and are open at door, window, wall or roof . . . .
>
> . . . .
>
> (h) Those containing therein substantial accumulations of trash, garbage or other materials susceptible to fire, or constituting or providing a harboring place for vermin or other obnoxious animals or insects or in any way threatening the health of the occupants thereof

---

1. The date the Notice of Dangerous Building was mailed was December 21, 2005, not December 21, 2006.

or the health of persons in the vicinity thereof. . . .

Further, the Board concluded:

> It is the board's conclusion that the buildings or structures in question are a public nuisance because of the conditions found, and are therefore detrimental to the health, safety and welfare of the residents of the City of Sedalia, Missouri.

> Further it is the board's conclusion that the procedure under the City's dangerous building code has been substantially met and complied with and that the order of the dangerous building inspector was reasonable in its terms and conditions and within the standards of the City's dangerous building code.

> . . . .

> It is the order of the board of appeals that the proper permit be obtained and the structure under consideration be . . . repaired within *30* days of the date of this order; and/or . . . demolished within *30* days of the date of this order; and if said action ordered . . . has not occurred within that time the Building Official will cause the City, with its own crews or by the contractors employed for the purpose, to demolish said structure. . . .

Gosal received a copy of the Board's Findings, Conclusions, and Order by certified mail on July 17, 2006; Allen received a copy on July 22, 2006; and Gosal's attorney received a copy on July 17, 2006.

On July 17, 2006, Allen, on behalf of Gosal, obtained another building permit from the City so that repairs could be completed on the property. As of August 11, 2006, which was thirty days from the date that the Board of Appeals issued it order, the repairs had not been completed on the property. On August 11, 2006, the City issued a Permit Revocation Stop Work Order and delivered it to Allen at the property while he was performing re-

pairs. The order directed that the building permit was revoked "for failure to comply with the Board of Appeals order to repair or demolish the structure . . . within 30 days of the date of order issued July 12, 2006," and ordered that all work should be stopped no later than 8:00 P.M. on Friday, August 11, 2006.

According to Allen, on the same day but prior to receiving the Permit Revocation Stop Work Order, he went to City Hall and talked with John Simmons, the City's Community Development Director. Allen told Simmons that he had not been able to complete the work because of a heat wave in the weather. Allen said that Simmons instructed him to request an extension and to submit weather records along with his request and that such would be sufficient to obtain an extension.

On October 19, 2006, Gosal filed his petition with the Circuit Court of Pettis County. The City filed a motion for summary judgment alleging that Gosal failed to timely appeal the Board of Appeals' July 12, 2006 decision. The circuit court agreed and entered summary judgment for the City, and Gosal appeals.

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the circuit court's granting of a summary judgment *de novo*. *Id*. "The propriety of summary judgment is purely an issue of law." *Id*. Because the circuit court's judgment is based on the record submitted and the law, we need not defer to the circuit court's order granting summary judgment. *Id*. We will affirm the circuit court's grant of summary

judgment if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* at 380.

In this appeal, Gosal contends that the circuit court erred in granting summary judgment in favor of the City because genuine issues of material fact existed regarding whether or not the Boards of Appeals' decision was final for purposes of the thirty-day time limit for filing a request for review under the Administrative Procedure Act. We disagree.

■ "Actions which are delegated by a municipality to a board or retained to itself to enforce an ordinance are administrative and are reviewable under the Missouri Administrative Procedure Act, Chapter 536, RSMo...." *Wrenn v. City of Kansas City*, 908 S.W.2d 747, 749 (Mo. App.1995). "If the decision occurs in the context of a contested case, it is subject to judicial review under § 536.100[, RSMo Cum.Supp.2008]." *Id.* Section 536.010(4) defines a contested case as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing[.]" In a contested case, the Administrative Procedure Act provides certain requirements:

> [An] agency must provide notice to all necessary parties. § 536.067. At the hearing, oral evidence must be taken on oath or affirmation; the parties may call and examine witnesses, introduce exhibits, cross-examine opposing witnesses, impeach any witness, and rebut the evi-

dence; a record of the proceedings must be made and preserved; and evidentiary rules must be followed. § 536.070. Depositions may be taken, subpoenas may be issued, and briefs may be filed. §§ 536.073, ...; 536.077, 536.080. Decisions must be in writing and must include findings of fact and conclusions of law. § 536.090.

*Hagely v. Bd. of Educ. of Webster Groves Sch. Dist.,* 841 S.W.2d 663, 668 (Mo. banc 1992).[2]

The hearing requirement in this case is provided by Sedalia's Code of Ordinances, Dangerous Buildings Code, article V, section 6–124. That ordinance says:

> Whenever there shall be a failure to obey a notice to abate a public nuisance issued ... by not commencing work in the time specified in said notice, or there shall be a failure to proceed continuously with the work required therein without unnecessary delay, the building official of the City of Sedalia shall request a full and adequate hearing upon the matter before the board of appeals.... Any party may be represented by counsel, and all parties shall have an opportunity to be heard and present such evidence as shall be relevant to a determination of:
>
> (1) Whether or not the building or structure is a public nuisance under the terms of this article;
>
> (2) Whether the procedures required by this article have been substantially followed; and

---

**2.** In Hagely, the court suggested that if a hearing is not held pursuant to the format required by the Missouri Administrative Procedure Act, the case does not qualify as a contested case. *Hagely,* 841 S.W.2d at 668–69. The Missouri Supreme Court, however, in *State ex rel. Yarber v. McHenry,* 915 S.W.2d 325, 328 (Mo. banc 1995), said that "this language was used to indicate that certain procedural advantages provided to the agency by the MAPA may be lost by the agency if it failed to follow contested case procedures." The Yarber court noted that the focus should not be on "whether the agency in fact held a contested case hearing, but whether it should have done so." *Id. See also Cade v. State,* 990 S.W.2d 32, 37 n. 4 (Mo.App.1999).

(3) Whether or not the abatement order of the dangerous building inspector was reasonable and within the standards of this article.

All testimony shall be under oath, which may be administered by the chairman of the board of appeals or by the court reporter making the written record of the hearing. . . .

Within thirty days of the hearing, the Board of Appeals is required "upon the basis of competent and substantial evidence offered at the hearing [to] make findings of fact as to whether or not the building or structure in question is a public nuisance" and "whether or not the procedures required by this article have been substantially met and complied with and whether or not the abatement order of the inspector of dangerous buildings to abate the nuisance was reasonable in its terms and conditions and within the standards of this article." Sedalia's Code of Ordinances, Dangerous Buildings Code, article V, § 6–124.5. Section 6–127 of the Code says that any person having an interest in the building may appeal from the order and findings of the Board of Appeals "to a circuit court as established in Article 536 of the Revised Statutes of Missouri." Moreover, Sedalia's Code of Ordinances section 6–147 says:

(a) The board shall not again consider any matter previously decided by it on appeal unless the appellant shows some material change in conditions and circumstances from the time of prior appeal.

(b) Any person aggrieved by a decision of the board of appeals may appeal such decision to a court of competent jurisdiction as may be provided by the law of the state relating to administrative appeals.

■ In the case before us, all of the parties were notified of the hearing before the Board of Appeals.[3] Although Gosal did not attend the hearing, his attorney represented his interest during the hearing. A written record was kept of the hearing, and testimony was taken under oath. Exhibits were admitted into evidence, and the parties were allowed the opportunity to speak. At the conclusion of the hearing, the Board of Appeals issued Findings of Fact, Conclusions of Law, and Order. The hearing before the Board of Appeals, therefore, was a contested case. Thus, the Board of Appeals' decision is subject to judicial review under section 536.100.

Section 536.100, RSMo Cum.Supp.2008, provides: "Any person who has exhausted all administrative remedies provided by

3. In one of his points relied on, Gosal contends that the notice of hearing was misleading and did not satisfy due process because the notice led him to believe that he had until December 21, 2006, to perform the repairs. We disagree. The notice said:

You are hereby notified that a hearing will be held on your failure to abate a public nuisance located at 237 S. Prospect Sedalia, MO, by failing to commence work or by failing to proceed continuously with the work required therein without unnecessary delay within the time specified in the Notice of Dangerous Building, mailed regular and certified mail on December 21, 2006.

The December 21, 2006 date was a typographical error. The date should have been December 21, 2005. But, even in light of this typographical error, Gosal's reliance on the December 21, 2006 date for the date that he was to have the repairs completed is not credible. The notice informed Gosal of the proper date of the hearing, and, at the hearing, Gosal (through his attorney) was informed that he had thirty days from the issuance of the Board of Appeals' decision to repair the building. Gosal's contention is without merit.

law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute...." To obtain judicial review under that section, a petition for review must be filed with the circuit court "within thirty days after the mailing or delivery of the notice of the agency's final decision." Section 536.110.1, RSMo Cum.Supp.2008.

The Board of Appeals issued its Findings, Conclusions, and Order on July 12, 2006. Gosal received a copy of the Board's Findings, Conclusions, and Order by certified mail on July 17, 2006; Allen received a copy on July 22, 2006; and Gosal's attorney received a copy on July 17, 2006. Gosal did not file his petition for review with the circuit court until October 19, 2006, which was well beyond the thirty day deadline for obtaining judicial review of the Board of Appeals' decision provided for in section 536.110.1.[4] Because Gosal did not file a request for judicial review within the requisite time, the circuit court did not err in concluding that it lacked the authority to consider Gosal's claim and in entering summary judgment for the City.

Gosal contends that a genuine issue of material fact exists as to whether the City agreed to modify the Board's decision and to grant him additional time to complete the repairs. In particular, he contends that Larry Allen timely requested that the Board modify its order and that a City employee, John Simmons, told him that an extension would be allowed. He argues, therefore, that the Board of Appeals' order was subject to reconsideration or modification. We disagree.

Even if Simmons made such a representation, on August 11, 2006, the City issued a Permit Revocation Stop Work Order and delivered it to Allen at the property while he was performing repairs. The order directed that the building permit was revoked "for failure to comply with the Board of Appeals order to repair or demolish the structure ... within 30 days of the date of order issued July 12, 2006," and ordered that all work should be stopped no later than 8:00 P.M. on Friday, August 11, 2006. Allen received this Permit Revocation Stop Work Order after he had talked with Simmons. Faced with this Permit Revocation Stop Work Order, Gosal did nothing to exercise his remedy to seek judicial review of the Board of Appeals' decision until October 19, 2006.[5]

To the extent that Gosal contends that the circuit court erred in granting summary judgment in favor of the City because the City should be equitably estopped from claiming that the order of the Board of Appeals was final due to the actions of Simmons subsequent to the hearing and decision by the Board of Appeals, we are not persuaded.

"Equitable estoppel may run against the state, but only where there are exceptional circumstances and a manifest injustice will result." *Mo. Gas Energy v. Pub. Serv. Comm'n,* 978 S.W.2d 434, 439 (Mo.App.1998). "Equitable estoppel is not applicable if it will interfere with the proper discharge of governmental duties, cur-

---

4. Notably, this action was also filed more than thirty days after the City's issuance of its Permit Revocation Stop Work Order.

5. Because the circuit court lacked the authority to consider Gosal's untimely petition for review, we need not address Gosal's conten-

tions on appeal that the circuit court erred in not granting him a continuance to conduct discovery and erred in granting summary judgment in favor of the City because the City failed to give him thirty days to repair the house as ordered by the Board of Appeals.

tail the exercise of the state's police power or thwart public policy, and is limited to those situations where public rights have to yield when private parties have greater equitable rights." *Id.*

This case does not present an exceptional circumstance where equitable estoppel must be applied. As stated earlier, even if Simmons told Gosal that the Board of Appeals would give him an extension to complete the repairs, Gosal received the City's Permit Revocation Stop Work Order after Simmons allegedly made this representation. The Permit Revocation Stop Work Order put Allen on notice that the City had no intention of granting him additional time to complete the repairs. Thus, if Gosal was unhappy with the Board of Appeals' decision, he should have exercised his remedy to seek judicial review of the Board of Appeals' decision in a timely manner.

Because the circuit court lacked the authority to consider Gosal's untimely petition for review, it did not err in granting summary judgment in favor of the City. We affirm.

All concur.