

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| JOAN BRAY, et al., | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **WD78807** |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | **FILED: July 26, 2016** |
| CORRECTIONS, | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County**
**The Honorable Patricia S. Joyce, Judge**

**Before Division Four: Alok Ahuja, P.J., Mark D. Pfeiffer, C.J.**
**and J. Dale Youngs, Sp.J.**

Four Missouri taxpayers filed suit in the Circuit Court of Cole County, alleging that the

State's lethal-injection protocol for executing inmates violates federal and state law. The circuit

court dismissed the Taxpayers' claims, finding that they lacked standing, that the Missouri

Supreme Court had exclusive jurisdiction over the case, and that the Taxpayers' petition failed to

state a claim upon which relief could be granted. The Taxpayers appeal. We affirm.

**Factual Background**

Joan Bray, Jeanette Oxford, Elston McCowan, and Mary Ann McGivern (the

"Taxpayers") filed a Verified Petition for Declaratory Judgment and Injunctive Relief, as well as

a Motion for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction,

in the Circuit Court of Cole County on July 9, 2015. In their petition, the Taxpayers alleged that

the Department of Corrections' current lethal-injection execution protocol violates both Missouri

and federal laws and regulations because of the Department's purchase and use of pentobarbital prepared by a compounding pharmacy. The Taxpayers alleged that the use of compounded pentobarbital in executions violates state and federal laws concerning the compounding of FDA-approved drugs; the purchase, distribution, transfer, and administration of controlled substances; the dispensing of drugs without a valid prescription; and the licensing of compounding pharmacies. The Taxpayers sought a declaratory judgment and injunctive relief prohibiting the Department from continuing to use its current lethal-injection protocol.

The Department was preparing to execute convicted murderer David Zink when the Taxpayers' petition was filed. The Missouri Supreme Court issued a Warrant of Execution setting Zink's execution date as July 14, 2015, and he was ultimately executed on that date. While Zink's execution was pending, the circuit court sustained the State's motion to dismiss on July 13, 2015. The circuit court's dismissal relied on three independent grounds. First, the court found that the Taxpayers lacked standing to sue. Second, the court held that it lacked jurisdiction, because the Missouri Supreme Court has exclusive jurisdiction over cases involving the death penalty. Third, the court held that the petition failed to state a claim for relief, because the federal and state laws and regulations cited by the Taxpayers do not apply to the Department's performance of court-ordered executions.

This appeal follows.

**Analysis**

The circuit court relied on three independent grounds to dismiss the Taxpayers' petition. To justify reversal, the Taxpayers must demonstrate that each of the reasons for dismissal cited by the circuit court was erroneous; if we uphold any one of the grounds on which the circuit court relied, we must affirm. *Knight v. Con-Agra Foods, Inc.*, 476 S.W.3d 355, 358-59 (Mo.

App. W.D. 2015) (quoting *City of Peculiar v. Hunt Martin Materials, LLC*, 274 S.W.3d 588, 590-91 (Mo. App. W.D. 2009)).

We conclude that the Taxpayers have failed to show that the circuit court's third basis for dismissal (that their petition failed to state a claim on which relief could be granted) was erroneous. Accordingly, we affirm the judgment without addressing the other two grounds cited by the circuit court.

The circuit court's judgment provided a detailed explanation for its conclusion that the petition failed to state a legally viable claim. The court first addressed the Taxpayers' federal-law claims. It explained:

> The intention of Congress to regulate executions would be an exercise of control over an area traditionally left to the States and would alter the usual balance between the States and the Federal Government. In such a case the intention of Congress to exercise control over the area traditionally left to the States must be unmistakably clear or it is presumed not to exist. . . .
>
> . . . .
>
> . . . The plain statement rule controls in the area of legal executions of criminals, because that area has traditionally been left to the States by Congress, and there is no plain statement in the [federal Controlled Substances Act ("CSA")] or the [Food, Drug and Cosmetic Act ("FDCA")] that those Acts are meant to regulate executions by lethal injection. The lack of a plain statement by Congress that it intended the FDCA and CSA to be enforced in the context of executions for state criminal convictions, an area traditionally left to the States by Congress, establishes that Missouri does not violate the FDCA or CSA by conducting lawful executions.

(Citations omitted.)

The circuit court also concluded that, even without reference to the "plain statement" rule, neither the FDCA nor the CSA applied to lawful executions. The court cited *Gonzales v. Oregon*, 546 U.S. 243 (2006), which refused to apply the Controlled Substances Act to physician-assisted suicide authorized by state law. The circuit court read *Gonzales* as holding

3

that the CSA's "main objectives" were to "combat[ ] drug abuse, and control[ ] the legitimate and illegitimate traffic in controlled substances." The circuit court concluded that the CSA's purposes are not implicated by the use of pharmaceutical products in court-ordered executions. The circuit court then cited *Heckler v. Chaney*, 470 U.S. 821 (1985), to support its conclusion that "[a] lawful execution simply does not fall within the subject matter controlled by the FDCA."

The circuit court applied similar reasoning with respect to the Taxpayers' state-law claims. It noted that § 546.720, RSMo authorizes the Department of Corrections to carry out the death penalty by lethal injection. In light of § 546.720, the circuit court concluded that making executions subject to state laws concerning controlled substances and prescription drugs would lead to "an absurd result." According to the circuit court, the Taxpayers "read regulations that have nothing to do with executions out of context in an attempt to block executions that are legal under the applicable statute. . . . Reading the provisions harmoniously there is no violation of Missouri law."

Taxpayers challenge the circuit court's conclusion that the petition failed to state a claim in their first and fourth Points Relied On. In their first Point, Taxpayers argue that the circuit court "was required to accept as true the fact that [the Department] w[as] using a compounded copy of pentobarbital because it was pleaded in the Verified Petition." In their fourth Point, they argue that the circuit court erred in finding that they failed to state a claim without conducting an evidentiary hearing, because the trial court's ruling made "a factual finding" "that [the Department] did not violate the law," "contrary to well-established law requiring that well-pleaded facts be taken as true for purposes of a motion to dismiss."

4

The Taxpayers' arguments miss the mark. Taxpayers are correct that, in deciding whether the petition stated a claim, the circuit court was required to accept all well-pleaded facts in the petition as true, and to give those factual allegations "their broadest intendment." *See*, *e.g.*, *Peters v. Wady Indus., Inc.*, No. SC94442, 2016 WL 3180586, at *3 (Mo. banc June 7, 2016); *Bromwell v. Nixon*, 361 S.W.3d 393, 398 (Mo. banc 2012). We see nothing in the circuit court's decision, however, which is inconsistent with the factual allegations in Taxpayers' petition. Although it may not say so expressly, the circuit court's judgment can be read as assuming that Taxpayers' factual claims are true: that the Department is, in fact, using an unlicensed compounding pharmacy to provide the Department with pentobarbital (an FDA-approved drug which is otherwise commercially available) for use in executions. The circuit court's judgment does not dispute Taxpayers' factual claims; instead, it holds that the Taxpayers' factual contentions are legally irrelevant, because neither the federal nor the state laws on which the Taxpayers rely are applicable to the Department's performance of lawful executions. While the circuit court – quite properly – tested the Taxpayers' factual allegations against the governing legal standards, the court did not dispute those factual allegations, or make its own factual findings contrary to the facts alleged in the petition.

In their argument under Points I and IV, Taxpayers make repeated reference to the allegations in the petition that the Department's actions violate various federal or state laws or regulations. For example, Taxpayers make the following argument under their fourth Point:

> The Verified Petition contained express allegations that [the Department] w[as] unambiguously violating both state and federal law in at least five independent capacities, any one of which is sufficient to grant the relief sought in this lawsuit. It is literally impossible to treat the facts and allegations alleged as true and to find, as the Circuit Court erroneously did, that "[t]here is no violation of Missouri law in carrying out executions." For instance, if this Court were to treat as true the allegations in the Verified Petition that [the Department] ha[s] manufactured, purchased, and used compounded copies of pentobarbital in blatant

5

> violation of the state and federal laws cited – allegations [the Taxpayers] are absolutely prepared to establish as this case proceeds at the trial level – it is not possible for this Court to also conclude that [the Department] did *not* violate the law.

(Record citations omitted.)

Taxpayers' argument ignores the principle that, "although we treat all of the *factual* allegations in a petition as true, and liberally grant to plaintiffs all reasonable inferences therefrom, '[c]onclusory allegations of fact and legal conclusions are not considered in determining whether a petition states a claim upon which relief can be granted.'" *Hope Acad. Corp. v. Mo. State Bd. of Educ.*, 462 S.W.3d 870, 874 (Mo. App. W.D. 2015) (quoting *Hendricks v. Curators of Univ. of Mo.*, 308 S.W.3d 740, 747 (Mo. App. W.D. 2010)). The circuit court was not required to accept as true the Taxpayers' *legal* contention that the Department's actions violated federal or state law, and it did not act improperly by reaching a contrary conclusion.

Taxpayers have also failed to substantiate their claim that the circuit court was required to conduct an evidentiary hearing before holding that the petition failed to state a claim. Indeed, it is generally *inappropriate* for the circuit court to consider facts or evidence outside the pleadings in ruling on a motion to dismiss for failure to state a claim. *See*, *e.g.*, *Hedrick v. Jay Wolfe Imports I, LLC*, 404 S.W.3d 454, 457 (Mo. App. W.D. 2013) (quoting *Phelps v. City of Kansas City*, 371 S.W.3d 909, 912 (Mo. App. W.D. 2012)). We see no indication in the judgment that the circuit court considered facts beyond those alleged in the petition, or that it made findings of fact contrary to the petition's factual allegations. Moreover, the Taxpayers have failed to identify any *additional* facts or evidence which they would have presented at an evidentiary hearing, to counter the circuit court's legal conclusion that Missouri executions was not subject to the federal and state laws on which the Taxpayers rely. *State ex rel. Petti v. Goodwin-Raftery*, 190 S.W.3d 501, 506 (Mo. App. E.D. 2006) (affirming dismissal despite appellants' claim that

6

circuit court should have first conducted an evidentiary hearing, where the information in the petition was adequate to determine that appellants' claims lacked legal merit).

Because the Taxpayers have failed to show that the circuit court erroneously concluded that their petition failed to state a claim, we affirm the circuit court's dismissal of the petition. We express no opinion concerning the circuit court's legal conclusion that the Department's performance of executions is exempt from the requirements of the Food, Drug and Cosmetic Act, the Controlled Substances Act, and the other state and federal laws and regulations cited by the Taxpayers. We decline to address the merits issues for a simple reason: the Taxpayers do not challenge the circuit court's legal conclusions on appeal. In finding that the Taxpayers' petition failed to state a claim, the circuit court's judgment prominently relied on the "plain statement" rule, *Gonzales v. Oregon*, 546 U.S. 243 (2006), *Heckler v. Chaney*, 470 U.S. 821 (1985), and § 546.720, RSMo. The Taxpayers' briefing, however, does not discuss the "plain statement rule," or cite the cases or statute on which the circuit court's legal conclusions are based. Instead, Taxpayers' briefing in Points I and IV is limited to the procedural arguments we have discussed above. We will not address the merits of the circuit court's ruling, when the Taxpayers have not challenged the substantive basis for the circuit court's decision. *KCAF Investors, L.L.C. v. Kansas City Downtown Streetcar Transp. Dev. Dist.*, 414 S.W.3d 470, 479 (Mo. App. W.D. 2013) (refusing to address "arguments Appellants have not made").[1]

---

[1]    In their opening Brief, the Taxpayers argued that "[e]ntirely missing from the Circuit Court's order dismissing this case . . . is a single statute, case, or regulation permitting [the Department] to violate the state and federal laws they are violating if they are doing so in the context of carrying out an otherwise lawful execution." Taxpayers' Reply Brief repeats this claim: "The reality is that the Order dismissing this case contains absolutely no legal authority for the theory that none of the laws alleged in the Verified Petition somehow do not apply [*sic*] in the context of executions." As our discussion in the text should make clear, Taxpayers' characterizations of the circuit court's judgment are simply untrue – the circuit court cited both caselaw and statutory authority to support its decision. Taxpayers' mischaracterizations are emblematic of their failure to even acknowledge, much less address, the substantive basis of the circuit court's decision.

**Conclusion**

We affirm the judgment of the circuit court dismissing the Taxpayers' petition.

_____
Alok Ahuja, Judge

All concur.