

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE EX REL: | ) | |
| CHRISTOPHER S. MOORE, | ) | |
| Appellant, | ) | WD85120 |
| v. | ) | |
| | ) | |
| MISSOURI COMMISSION ON HUMAN | ) | FILED: August 23, 2022 |
| RIGHTS, et al., | ) | |
| Respondents. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE DANIEL R. GREEN, JUDGE

### BEFORE DIVISION THREE: CYNTHIA L. MARTIN, PRESIDING JUDGE,
### LISA WHITE HARDWICK, AND W. DOUGLAS THOMSON, JUDGES

After the Missouri Commission on Human Rights ("MCHR") dismissed Christopher Moore's charge of discrimination against his employer, he sought a writ of mandamus from the circuit court directing the MCHR and Alisa Warren, in her official capacity as Executive Director of the MCHR (collectively, "the MCHR") to reopen the MCHR's investigation into his claims and issue him a right-to-sue letter. The circuit court entered summary judgment in favor of the MCHR on Moore's writ petition. On appeal, Moore contends the uncontroverted facts do not support the MCHR's decision to dismiss his charge of discrimination for lack of probable cause. For reasons explained herein, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On February 11, 2020, Moore dually filed a charge of discrimination with the MCHR and the Equal Employment Opportunity Commission ("EEOC") asserting claims of disability discrimination and retaliation against his employer, Kansas City Life Insurance Company ("Employer"). Moore, who began working as an operating engineer for Employer on February 5, 2017, alleged that on May 9, 2019, he sustained an injury that resulted in work-related restrictions, but Employer failed to provide him with an effective accommodation that would allow him to return to work in a timely manner. Moore further alleged that eight months before his injury, he received a favorable performance review, but seven months after his injury, he received an unfavorable performance review, which he believed Employer gave him in retaliation for his request for a reasonable accommodation and/or a return to work with restrictions.

The EEOC investigated Moore's claims. During the EEOC's investigation, Moore was provided an opportunity to submit any information relevant to his claims. Following its investigation, the EEOC issued a dismissal and notice of rights on March 2, 2020. The dismissal stated that the EEOC was closing its file on Moore's charge of discrimination for the following reason:

> Based upon its investigation, the EEOC is unable to conclude that the information establishes violations of the statutes. This does not certify that [Employer] is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

The notice of rights advised Moore that he could file a lawsuit under federal law based on this charge of discrimination in federal or state court.[1]

Pursuant to a work-sharing agreement, the EEOC provided the MCHR a copy of the EEOC's memorandum summarizing its investigation into Moore's charge of discrimination. With regard to Moore's disability discrimination claim, the EEOC's investigator stated:

> Based on the available evidence, it is unlikely that further investigation will show that [Employer] failed to provide an effective accommodation without posing an undue hardship. It appears that [Employer] provided [Moore] with an effective accommodation of being allowed to take medical leave when it could no longer accommodate his light duty restrictions due to being short-staffed, thus creating a possible undue hardship defense.

With regard to Moore's retaliation claim, the investigator stated:

> [I]t does not appear that the poor evaluation was used as a basis for another adverse employment action such as termination, so it may not meet the definition of a tangible employment action.

> Further, in reviewing [Moore]'s 2019 evaluation, the decreased scores on some of [Moore]'s metrics appear to be based on legitimate, nondiscriminatory reasons: [Moore] not getting along with his supervisor, complaining about his work by writing these complaints in the work log book.

The EEOC's investigator concluded:

> I conducted a B/C counseling with [Moore] during his intake interview and asked that he provide me with supporting documents, which he did. Based on my review of those documents, other information, and the foregoing analysis, it is unlikely that further investigation will result in a finding of cause. Accordingly, I recommend that [Moore]'s charge be dismissed and a notice of right to sue be issued.

---

[1] 42 U.S.C. § 2000e-5(f)(1) requires the EEOC to notify complainants of their right to sue if the EEOC determines, after an investigation, that there is not reasonable cause and dismisses the complaint.

On April 6, 2020, the MCHR sent Moore a notice of termination of proceedings. In the notice, the MCHR stated that it had "been informed that the EEOC has completed its processing of your complaint. Based on a review of [the] EEOC's investigation summary, the MCHR has decided to adopt the EEOC's findings and terminate its proceedings in this case." The MCHR did not issue a right-to-sue letter.[2] This extinguished Moore's ability to pursue his disability discrimination and retaliation claims under the Missouri Human Rights Act ("MHRA"). *State ex rel. Dalton v. Mo. Comm'n on Human Rights*, 618 S.W.3d 640, 644 n.3 (Mo. App. 2020) (noting that "[a] right-to-sue letter is a condition precedent to bringing a discrimination claim under the [MHRA]").

On May 6, 2020, Moore filed a petition for writ of mandamus or, in the alternative, other relief by judicial review of an administrative decision in the circuit court. In his petition, he asserted that the MCHR did not conduct its own investigation into his claims and there was no indication from the EEOC's investigation that probable cause was lacking; therefore, the MCHR's termination of its proceedings investigating his charge of discrimination was unlawful, unreasonable, arbitrary, capricious, and involved an abuse of discretion. Moore

---

[2] Unlike 42 U.S.C. § 2000e-5(f)(1), 8 CSR 60-2.025(7)(A) does not provide for the MCHR to issue a right-to-sue letter after the MCHR dismisses a complaint for lack of probable cause. Instead, 8 CSR 60-2.025(7)(B)(6) and Section 213.111.1, RSMo Cum. Supp. 2021, state that the MCHR can issue notice of the right to sue only if it has not completed its administrative processing within 180 days from the filing of the complaint and the complainant makes a written request for a right-to-sue letter. The 180-day period had not yet expired when the MCHR dismissed Moore's claim. Section 213.111.1 further provides that the MCHR "may not at any other time or for any other reason issue" a right-to-sue letter.

4

requested that the court enter a preliminary order in mandamus and a permanent writ of mandamus ordering the MCHR to reopen its investigation and issue him a right-to-sue letter after the expiration of 180 days from the date he filed his charge of discrimination.

The circuit court entered a preliminary order in mandamus directing the MCHR to file a responsive pleading to Moore's petition. After the MCHR filed its answer, the MCHR and Moore filed motions for summary judgment. The circuit court granted the MCHR's motion after finding that the EEOC conducted an investigation and the MCHR was permitted by regulation to rely on the EEOC's investigation to fulfill its statutory duty to investigate Moore's claims. Concerning Moore's disability discrimination claim, the court found that the EEOC had determined that further investigation was unlikely to show that Moore's employer failed to provide an effective accommodation without posing an undue hardship. As for Moore's retaliation claim, the court found that the EEOC had determined it was unlikely that further investigation would result in a finding of cause. The court concluded that, if Moore could provide no evidence to support his claims, "it is fair to say that he lacks probable cause," which justified the MCHR's decision to terminate the proceedings. Therefore, the court found that the MCHR was entitled to judgment as a matter of law on Moore's petition for writ of mandamus. Moore appeals.

**STANDARD OF REVIEW**

5

Appellate review of summary judgment is *de novo. Green v. Fotoohighiam,* 606 S.W.3d 113, 115 (Mo. banc 2020). Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 74.04(c)(6).

Where, as in this case, the MCHR's decision is not subject to administrative review, the decision may be reviewed by a suit for mandamus in the circuit court. § 536.150.1.[3] We review the denial of a petition for writ of mandamus for an abuse of discretion. *State ex rel. Tivol Plaza, Inc. v. Mo. Comm'n on Human Rights*, 527 S.W.3d 837, 841 (Mo. banc 2017). The circuit court abuses its discretion when it "misapplies the applicable statutes." *Id*. (citation omitted).

To be entitled to a writ of mandamus, a party "must allege and prove that he has a clear, unequivocal, specific right to a thing claimed." *Id*. (internal quotation marks and citations omitted). "The purpose of mandamus is to require the performance of a duty already defined by the law." *Dalton*, 618 S.W.3d at 645 (citation omitted).

### ANALYSIS

In his two points on appeal, Moore contends the circuit court erred in granting the MCHR's summary judgment motion instead of his summary judgment motion because the EEOC's investigation findings, which the MCHR

---

[3] All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2021 cumulative supplement.

adopted, do not support dismissing the claims in his charge of discrimination for lack of probable cause.

The MCHR has a duty to "promptly investigate" complaints of discrimination, and the investigation is to be conducted "according to such rules, regulations and guidelines as the [MCHR] shall prescribe." §§ 213.075.3; 213.030.1(7). The MCHR's regulations provide that "[i]nvestigations shall be accomplished by methods including, but not limited to, fact-finding conferences, personal interviews, written interrogatories, tests, requests for production of documents, books or papers, or other materials and *reviews of investigations of other civil rights agencies*." 8 CSR 60-2.025(9) (emphasis added). Pursuant to Section 213.030.1(12), the MCHR has entered into a work-sharing agreement with the EEOC; thus, the MCHR may fulfill its investigative duties by relying on the EEOC's investigation of a complaint. *See Dalton*, 618 S.W.3d at 647-48. "Neither the [MHRA] nor its implementing regulations define the term 'investigate' or 'investigation,' and nothing in the [MHRA] or regulations mandates that a particular investigative method by employed." *Id*. at 647. "Instead, the decision of how to investigate a complaint is left largely to the MCHR's discretion." *Id*. If the MCHR determines, "either upon the face of the complaint or after investigation, that the complaint shall be dismissed due to lack of probable cause the same shall be dismissed." 8 CSR 60-2.025(7)(A).

Moore does not dispute that the MCHR could fulfill its duty to investigate his complaint by relying solely on the EEOC's investigation. Rather, he asserts

7

that the EEOC's investigation did not find a lack of probable cause and, therefore, does not support the MCHR's dismissal of his claims.

Moore notes that, in its dismissal notice, the EEOC stated, "No finding is made as to any other issues that might be construed as having been raised by this charge," and in the memorandum summarizing its investigation, the EEOC stated that it was "unlikely that further investigation [would] result in a finding of cause." Moore argues that these statements show that the EEOC made *no* finding as to the existence of cause.

In the memorandum, the investigator discussed in detail why the evidence he obtained during his investigation,[4] including documents that Moore provided to support his claim, indicated both a present lack of reasonable cause and that further investigation was unlikely to result in a finding of cause on Moore's claims. Specifically, with regard to Moore's disability discrimination claim, the investigator stated that it appeared that Employer provided an effective accommodation of allowing medical leave when it could no longer accommodate Moore's light duty restrictions due to being short-staffed, thus creating a possible undue hardship defense for Employer. Concerning Moore's retaliation claim, the investigator stated that it appeared that Moore's poor evaluation was not used as

---

[4] The evidence cited by the investigator in his memorandum included Moore's statements from his interview with the investigator, medical records containing Moore's physical restrictions, emails exchanged between Moore and a human resources employee for Employer concerning Moore's request for accommodations due to his injury, Moore's EEOC inquiry form, and Moore's performance evaluations.

a basis for another adverse employment action and that the decreased scores on Moore's performance evaluation were based on legitimate, nondiscriminatory reasons. The MCHR could rely on these statements describing the evidence obtained during the EEOC's investigation to find that Moore's claims lacked probable cause. *See Dalton*, 618 S.W.3d at 647-48.

The MCHR fulfilled its duty to investigate Moore's claims and acted within its discretion in deciding that no investigation beyond that detailed in the EEOC's memorandum was necessary for it to determine that Moore's charge should be dismissed for lack of probable case. *See id*. Moore has failed to demonstrate that he was entitled to have the MCHR reopen the investigation into his claims and issue him a right-to-sue letter after the expiration of 180 days.[5] Therefore, the circuit court did not err in granting summary judgment in favor of the MCHR on Moore's petition for writ of mandamus. Points I and II are denied.

### CONCLUSION

The judgment is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[5] Moore asserts in Point II that the facts stated in his summary judgment motion are deemed admitted by the MCHR's failure to respond to his motion and that those facts are sufficient to entitle him to summary judgment. We disagree. The majority of Moore's additional facts are statements taken from the EEOC's Strategic Enforcement Plan explaining its Priority Charge Handling Procedures. Even if the additional facts are deemed admitted, they are insufficient to entitle him to judgment as a matter of law. Furthermore, none of the additional facts controvert the EEOC's investigator's statements describing Moore's evidence, which is what the MCHR relied upon to dismiss Moore's claims for lack of probable cause.

9